Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Linda Janssen

| | |
|---|---|
| LINDA JANSSEN,<br><br>                          Plaintiff,<br><br>              v.<br><br>FISERV, INC. and LATICIA SHAW,<br><br>                      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MORRIS COUNTY<br><br>DOCKET NO:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Linda Janssen ("Plaintiff"), through her attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendant, Fiserv Inc. ("Defendant Fiserv"), and Defendant, Laticia Shaw ("Defendant Shaw") (collectively, "Defendants"), and alleges as follows:

## FACTS

**A.    Jurisdiction and Venue**

    1.    Plaintiff resides at 10 Delbrook Road, Morris Plains, New Jersey.

    2.    Defendant Fiserv is a publicly-held corporation with its principal place of business located at 255 Fiserv Drive, Brookfield, Wisconsin.

    3.    Defendant Fiserv employs Plaintiff at 300 Kimball Drive, Parsippany, New Jersey.

    4.    Defendant Shaw is an individual residing at 1176 Ronds Pointe Drive East, Tallahassee, Florida.

**B.    Plaintiff's Employment**

5.    Defendant Fiserv has employed Plaintiff since May 1, 1995.

6.    Plaintiff's current position is Business Operations Analyst, Sr. Advisory.

7.    Defendant Shaw serves as Defendant Fiserv's Vice President – Client Operations.

8.    Defendant Shaw directly supervised Plaintiff from 2012 until January 2017 and, as such, possessed the authority to set the terms and conditions of her employment and influence her daily work environment.

**C.    The Hostile Work Environment and Retaliation**

9.    In that time, Defendant Shaw displayed aggression and a belittling attitude toward Plaintiff such as yelling and pounding on a desk with clenched fists.

10.    Worse, Defendant Shaw did so while expressing her desire to get rid of Plaintiff and hire young Millennials (people born between 1978 and 2000).

11.    Defendant Shaw has told her, by way of example: (a) "What we need is Millennials looking at the new system because they're the ones with the fresh ideas." (b) "We need young people. They're not set in their ways. They think differently than you and I. They're technological." (c) "I know I'm not supposed to say this, but we need Millennials." (d) "Millennials have more innovative ideas than you because they're younger." (e) "I'm concerned that you can't install the new workflow tool because of your non-Millennial perspective." (f) "You know, Lin-DUH, Millennials would not be satisfied to work on the current system."

12.    Defendant Shaw has uttered several variations of these comments to Plaintiff dozens of times.

13.    Unfortunately, "Lin-DUH" became Defendant Shaw's humiliating way of addressing Plaintiff.

14.     Given this age-based abuse, Plaintiff reported Defendant Shaw's behavior to Carrie Martinelli of Human Resources in October 2014.

15.     Throughout 2015 and 2016, she again reported this age-based abuse to Sandi Von Drateln and Shannon Rieck in HR.

16.     Plaintiff also met with EVP Vinnie Brennan and EVP Erick Wichita, Defendant Shaw's leaders during 2014 through 2016, to address this abuse.

17.     Plaintiff is unaware of any action that Defendant Fiserv took toward her complaints.

18.     The abuse continued; consequently, she again reported Defendant Shaw's age-based abuse to Ms. Rieck and Mr. Wichita in March 2016.

19.     In April 2016, Ms. Rieck told her there was "no credence" to Plaintiff's allegations.

20.     While Defendant Shaw's yelling stopped, her age-based harassment and retaliation continued.

21.     Notably, between Plaintiff's 2014 complaint and her 2016 complaint, she mentioned several times to Sandi Von Drateln and Shannon Rieck that she wanted to lodge another complaint, but they repeatedly discouraged her from doing so.

22.     In a staff meeting, Defendant Shaw mentioned that HR informed her that it was inappropriate to keep talking about Millennials.

23.     Yet, she continued to exhibit age bias toward Plaintiff.

24.     In further retaliation for Plaintiff's HR complaints of a hostile work environment due to age, Defendant Shaw also deprived her of staff to complete tasks and later replaced Plaintiff in her position as Manager of Boarding Support Groups with Heather Kane who is approximately 15 years younger.

25.     Plaintiff was born on October 8, 1958.

3

26.     As a result, when Plaintiff again complained about her environment in 2015, Defendant Shaw replaced Plaintiff on the new workflow tool – ServiceNow.

27.     Her replacement, April Somogyi, is also approximately 15 years her junior.

28.     Plaintiff was not told of the replacement and found out from Ms. Somogyi.

29.     In May 2016, after yet another complaint from Plaintiff, Defendant Shaw downgraded Plaintiff's position and stripped her of her Director title.

30.     At that time, Defendant Shaw stopped inviting Plaintiff to staff meetings and refused to provide updates to her after Plaintiff requested to move to another area.

31.     Defendant Shaw isolated her.

32.     But Plaintiff is not the first target of Defendant Shaw due to age.

33.     In 2013, Defendant Shaw replaced Kathy Davis with an employee who was approximately 20 years her junior.

34.     Ms. Davis was approximately 65 years old at the time.

35.     Defendant Shaw's abuse has inflicted severe emotional distress on Plaintiff.

36.     It has caused anxiety requiring medication, professional therapy, and hospitalization for panic attacks.

37.     As a result of lack of staff and Defendant Shaw's refusal to let her delegate, her physical health suffered from excessive hours worked – many 12 to 16 hour days from 2014 to 2016.

## COUNT I

### Hostile Work Environment Due to Age

38.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

4

39.     The above comments and conduct by Defendants would not have occurred but for Plaintiff's older age.

40.     These comments and conduct were sufficiently severe or pervasive to make Plaintiff reasonably believe that she was subjected to a hostile, intimidating, and abusive work environment that altered the terms and conditions of her employment.

41.     Defendants' conduct created a hostile work environment on the basis of Plaintiff's age that violates the Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

42.     Defendant Fiserv is vicariously liable for the conduct of Defendant Shaw because she supervised Plaintiff, controlled Plaintiff's daily work environment, and used her supervisory authority to abuse Plaintiff.

43.     The severe and persistent age-harassment by Defendant Shaw, and Defendant Fiserv's inadequate response, demonstrates that Defendant Fiserv does not maintain an effective anti-harassment policy.

44.     As such, Defendant Fiserv is directly liable for the conduct of Defendant Shaw on alternate grounds of negligence because Defendant Fiserv failed to implement an effective anti-harassment policy.

45.     Defendant Fiserv's conduct was willful, malicious and/or especially egregious and done with the knowledge and participation of upper level management such as Defendant Shaw.

46.     As a result of Defendant Fiserv's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: emotional distress and other damages.

## COUNT II

### Retaliation

47.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

48.     In reporting age harassment to Defendant Fiserv, Plaintiff engaged in activity protected by the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

49.     Defendant Fiserv's demotion and reduction of Plaintiff's duties and prestige in title constitute adverse employment actions.

50.     Defendant Fiserv implemented these adverse employment actions as a result of Plaintiff's exercise of her rights under the Law Against Discrimination to report age harassment.

51.     Defendant Fiserv's actions violate the Law Against Discrimination.

52.     Defendant Fiserv's conduct was willful, malicious and/or especially egregious and done with the knowledge and participation of upper level management such as Defendant Shaw.

53.     As a result of Defendant Fiserv's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: emotional distress and other damages.

## COUNT III

### Individual Liability – Defendant Shaw

54.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

55.     At all relevant times, Defendant Shaw was employed by Defendant Fiserv during the above age harassment of and retaliation against Plaintiff.

56.     Defendant Shaw harassed Plaintiff due to Plaintiff's age and retaliated against Plaintiff.

57.     The age harassment and retaliation by Defendant Shaw violate the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

58.     Defendant Shaw is liable for aiding and abetting the unlawful age harassment and retaliation in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(e).

59.     As a result of Defendant Shaw's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: emotional distress and other damages.

**WHEREFORE,** Plaintiff seeks judgment against Defendants on each count awarding her compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

CASTRONOVO & McKINNEY, LLC

Dated: August 11, 2017                    By:_____
                                          Paul Castronovo
                                          Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

CASTRONOVO & McKINNEY, LLC

Dated: August 11, 2017                    By:_____
                                          Paul Castronovo
                                          Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Paul Castronovo as trial counsel in this action.

CASTRONOVO & McKINNEY, LLC

Dated: August 11, 2017                    By:_____
                                          Paul Castronovo
                                          Attorneys for Plaintiff

7

## **RULE 4:5-1 CERTIFICATION**

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding.  I further certify that I know of no other parties who should be joined in this litigation at the present time.

CASTRONOVO & McKINNEY, LLC

Dated: August 11, 2017                    By:_____

Paul Castronovo
Attorneys for Plaintiff

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-001921-17**

| | |
|---|---|
| **Case Caption:** JANSSEN LINDA  VS FISERV INC. AND LATI CIA SHAW | **Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES |
| **Case Initiation Date:** 09/05/2017 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** PAUL R. CASTRONOVO | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** CASTRONOVO & MCKINNEY,LLC | **Hurricane Sandy related?** NO |
| **Address:** 71 MAPLE AVE | **Is this a professional malpractice case?**  NO |
| MORRISTOWN NJ 079600000 | **Related cases pending:** NO |
| **Phone:** | **If yes, list docket numbers:** |
| **Name of Party:** PLAINTIFF : Janssen, Linda | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company** (if known): Unknown | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/05/2017                                                                                    /s/ PAUL R. CASTRONOVO
Dated                                                                                              Signed

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960
```

                                    TRACK ASSIGNMENT NOTICE

```
COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM
```

                          DATE:   SEPTEMBER 05, 2017
                          RE:     JANSSEN LINDA  VS FISERV INC. AND LATI CIA SHAW
                          DOCKET: MRS L -001921 17


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LOUIS S. SCEUSI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 656-4106.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                             ATT: PAUL R. CASTRONOVO
                             CASTRONOVO & MCKINNEYLLC
                             71 MAPLE AVE
                             MORRISTOWN       NJ 07960


ECOURTS

LINDA JANSSEN

**Plaintiff**

vs

FISERV, INC., ET AL

**Defendant**

20170908124821

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 1921 17

**Person to be served** (Name and Address):
FISERV, INC.
PRINCETON SOUTH CORP. CTR., SUITE 160  100 CHARLES EWING BLVD
EWING  NJ  08638
**By serving:**  PRENTICE HALL CORP., REG. AGENT

**Attorney:** PAUL CASTRONOVO, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATIONS,
INTERROGATORIES, NOTICE TO PRODUCE, NOTICE TO TAKE ORAL
DEPOSITION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**     [X] Served Successfully       [ ] Not Served

Date/Time:    9/11/2017 1:01 PM    _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

<u>EILEEN CANNON</u>

<u>PERSON AUTHORIZED TO ACCEPT SERVICE</u>

**Description of Person Accepting Service:**

SEX:<u>F</u>    AGE:<u>36-50</u>  HEIGHT: <u>5'4"-5'8"</u>    WEIGHT: <u>131-160 LBS.</u>    SKIN:<u>WHITE</u>    HAIR:<u>BROWN</u>   OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this
____12____ day of ___Sept___ , 20_17_

Notary Signature: _____
KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 3
**Name of Notary**         **Commission Expiration**

I, <u>JANE NUNN</u>,
was at the time of service a competent adult, over the age of
18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____          9/12/20_17_
**Signature of Process Server**          **Date**

**Name of Private Server:** <u>JANE NUNN</u>  **Address:** 2009 Morris Avenue UNION, NJ 07083  **Phone:** (800) 672-1952

JB

## SUMMONS

Attorney(s) <u>Paul Castronovo (015651999)</u>

Office Address <u>71 Maple Ave.</u>

Town, State, Zip Code <u>Morristown, NJ 07960</u>

Telephone Number <u>973-920-7888</u>

Attorney(s) for Plaintiff <u>Linda Janssen</u>

LINDA JANSSEN

_____

Plaintiff(s)

vs.

CHECKFREE SERVICES CORP. and

LATICIA SHAW

Defendant(s)

# Superior Court of New Jersey

<u>Morris</u>  ▼County

<u>Law</u>       Division

Docket No: <u>MRS-L-1921-17</u>

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: <u>10/04/2017</u>

Name of Defendant to Be Served: <u>CheckFree Services Corp. (agent, Corp. Service Co.)</u>

Address of Defendant to Be Served: <u>Princeton South Corp. Ctr, Suite 160, 100 Charles Ewing Blvd, Ewing, NJ</u>

Paul Castronovo (Attorney ID # 015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Linda Janssen

| | |
|---|---|
| LINDA JANSSEN, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – MORRIS COUNTY |
| Plaintiff, | |
| | DOCKET NO:  MRS-L-1921-17 |
| v. | |
| | Civil Action |
| CHECKFREE SERVICES | |
| CORPORATION (d/b/a FISERV) and | **AMENDED COMPLAINT AND** |
| LATICIA SHAW, | **JURY DEMAND** |
| Defendants. | |

Plaintiff, Linda Janssen ("Plaintiff"), through her attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendant, CheckFree Services Corporation (d/b/a Fiserv) ("Defendant Fiserv"), and Defendant, Laticia Shaw ("Defendant Shaw") (collectively, "Defendants"), and alleges as follows:

## FACTS

**A.      Jurisdiction and Venue**

1.      Plaintiff resides at 10 Delbrook Road, Morris Plains, New Jersey.

2.      Defendant Fiserv is a wholly-owned subsidiary of Fiserv Inc. with its principal place of business located at 2900 Westside Parkway, Alpharetta, Georgia.

3.      Defendant Fiserv employs Plaintiff at 300 Kimball Drive, Parsippany, New Jersey.

4.      Defendant Shaw is an individual residing at 1176 Ronds Pointe Drive East, Tallahassee, Florida.

**B.**    **Plaintiff's Employment**

5.    Defendant Fiserv has employed Plaintiff since May 1, 1995.

6.    Plaintiff's current position is Business Operations Analyst, Sr. Advisory.

7.    Defendant Shaw serves as Defendant Fiserv's Vice President – Client Operations.

8.    Defendant Shaw directly supervised Plaintiff from 2012 until January 2017 and, as such, possessed the authority to set the terms and conditions of her employment and influence her daily work environment.

**C.**    **The Hostile Work Environment and Retaliation**

9.    In that time, Defendant Shaw displayed aggression and a belittling attitude toward Plaintiff such as yelling and pounding on a desk with clenched fists.

10.    Worse, Defendant Shaw did so while expressing her desire to get rid of Plaintiff and hire young Millennials (people born between 1978 and 2000).

11.    Defendant Shaw has told her, by way of example: (a) "What we need is Millennials looking at the new system because they're the ones with the fresh ideas." (b) "We need young people. They're not set in their ways. They think differently than you and I. They're technological." (c) "I know I'm not supposed to say this, but we need Millennials." (d) "Millennials have more innovative ideas than you because they're younger." (e) "I'm concerned that you can't install the new workflow tool because of your non-Millennial perspective." (f) "You know, Lin-DUH, Millennials would not be satisfied to work on the current system."

12.    Defendant Shaw has uttered several variations of these comments to Plaintiff dozens of times.

13.    Unfortunately, "Lin-DUH" became Defendant Shaw's humiliating way of addressing Plaintiff.

14.     Given this age-based abuse, Plaintiff reported Defendant Shaw's behavior to Carrie Martinelli of Human Resources in October 2014.

15.     Throughout 2015 and 2016, she again reported this age-based abuse to Sandi Von Drateln and Shannon Rieck in HR.

16.     Plaintiff also met with EVP Vinnie Brennan and EVP Erick Wichita, Defendant Shaw's leaders during 2014 through 2016, to address this abuse.

17.     Plaintiff is unaware of any action that Defendant Fiserv took toward her complaints.

18.     The abuse continued; consequently, she again reported Defendant Shaw's age-based abuse to Ms. Rieck and Mr. Wichita in March 2016.

19.     In April 2016, Ms. Rieck told her there was "no credence" to Plaintiff's allegations.

20.     While Defendant Shaw's yelling stopped, her age-based harassment and retaliation continued.

21.     Notably, between Plaintiff's 2014 complaint and her 2016 complaint, she mentioned several times to Sandi Von Drateln and Shannon Rieck that she wanted to lodge another complaint, but they repeatedly discouraged her from doing so.

22.     In a staff meeting, Defendant Shaw mentioned that HR informed her that it was inappropriate to keep talking about Millennials.

23.     Yet, she continued to exhibit age bias toward Plaintiff.

24.     In further retaliation for Plaintiff's HR complaints of a hostile work environment due to age, Defendant Shaw also deprived her of staff to complete tasks and later replaced Plaintiff in her position as Manager of Boarding Support Groups with Heather Kane who is approximately 15 years younger.

25.     Plaintiff was born on October 8, 1958.

26.    As a result, when Plaintiff again complained about her environment in 2015, Defendant Shaw replaced Plaintiff on the new workflow tool – ServiceNow.

27.    Her replacement, April Somogyi, is also approximately 15 years her junior.

28.    Plaintiff was not told of the replacement and found out from Ms. Somogyi.

29.    In May 2016, after yet another complaint from Plaintiff, Defendant Shaw downgraded Plaintiff's position and stripped her of her Director title.

30.    At that time, Defendant Shaw stopped inviting Plaintiff to staff meetings and refused to provide updates to her after Plaintiff requested to move to another area.

31.    Defendant Shaw isolated her.

32.    But Plaintiff is not the first target of Defendant Shaw due to age.

33.    In 2013, Defendant Shaw replaced Kathy Davis with an employee who was approximately 20 years her junior.

34.    Ms. Davis was approximately 65 years old at the time.

35.    Defendant Shaw's abuse has inflicted severe emotional distress on Plaintiff.

36.    It has caused anxiety requiring medication, professional therapy, and hospitalization for panic attacks.

37.    As a result of lack of staff and Defendant Shaw's refusal to let her delegate, her physical health suffered from excessive hours worked – many 12 to 16 hour days from 2014 to 2016.

## COUNT I

### Hostile Work Environment Due to Age

38.    Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

39.     The above comments and conduct by Defendants would not have occurred but for Plaintiff's older age.

40.     These comments and conduct were sufficiently severe or pervasive to make Plaintiff reasonably believe that she was subjected to a hostile, intimidating, and abusive work environment that altered the terms and conditions of her employment.

41.     Defendants' conduct created a hostile work environment on the basis of Plaintiff's age that violates the Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

42.     Defendant Fiserv is vicariously liable for the conduct of Defendant Shaw because she supervised Plaintiff, controlled Plaintiff's daily work environment, and used her supervisory authority to abuse Plaintiff.

43.     The severe and persistent age-harassment by Defendant Shaw, and Defendant Fiserv's inadequate response, demonstrates that Defendant Fiserv does not maintain an effective anti-harassment policy.

44.     As such, Defendant Fiserv is directly liable for the conduct of Defendant Shaw on alternate grounds of negligence because Defendant Fiserv failed to implement an effective anti-harassment policy.

45.     Defendant Fiserv's conduct was willful, malicious and/or especially egregious and done with the knowledge and participation of upper level management such as Defendant Shaw.

46.     As a result of Defendant Fiserv's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: emotional distress and other damages.

## <u>COUNT II</u>

### Retaliation

47.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

48.     In reporting age harassment to Defendant Fiserv, Plaintiff engaged in activity protected by the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

49.     Defendant Fiserv's demotion and reduction of Plaintiff's duties and prestige in title constitute adverse employment actions.

50.     Defendant Fiserv implemented these adverse employment actions as a result of Plaintiff's exercise of her rights under the Law Against Discrimination to report age harassment.

51.     Defendant Fiserv's actions violate the Law Against Discrimination.

52.     Defendant Fiserv's conduct was willful, malicious and/or especially egregious and done with the knowledge and participation of upper level management such as Defendant Shaw.

53.     As a result of Defendant Fiserv's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: emotional distress and other damages.

## COUNT III

### Individual Liability – Defendant Shaw

54.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

55.     At all relevant times, Defendant Shaw was employed by Defendant Fiserv during the above age harassment of and retaliation against Plaintiff.

56.     Defendant Shaw harassed Plaintiff due to Plaintiff's age and retaliated against Plaintiff.

57.     The age harassment and retaliation by Defendant Shaw violate the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

58.     Defendant Shaw is liable for aiding and abetting the unlawful age harassment and retaliation in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(e).

59. As a result of Defendant Shaw's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: emotional distress and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants on each count awarding her compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 4, 2017          By:_____

Paul Castronovo
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 4, 2017          By:_____

Paul Castronovo
Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Paul Castronovo as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 4, 2017          By:_____

Paul Castronovo
Attorneys for Plaintiff

## RULE 4:5-1 CERTIFICATION

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding.  I further certify that I know of no other parties who should be joined in this litigation at the present time.

CASTRONOVO & McKINNEY, LLC

Dated: October 4, 2017      By:_____
            Paul Castronovo
            Attorneys for Plaintiff

**Case Details | Case Number: MRS-L-001921-17**

Case Caption: JANSSEN LINDA  VS FISERV INC. AND LATI CIA SHAW

Court: Civil Part

Case Track: 3

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Law Firm Case ID: 015651999

**Transaction Information**

Venue: MORRIS

Case Status: Active

Judge: SCEUSI, LOUIS, S

Case Initiation: 09/05/2017

Jury Demand: YES - 6 JURORS

Team: 1

Transaction ID: LCV2017174414

Documents Received:
**COMPLAINT**
**Case Information Statement**

Received by eCourts On: 09/05/2017

Total Payment Amount: $250.00

LINDA JANSSEN

**Plaintiff**

vs

FISERV, INC., ET AL

**Defendant**

20171004161859

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 1921 17

**Person to be served** (Name and Address):
CHECKFREE SERVICES CORP.,
PRINCETON SPUTH CORP. CTR.  100 CHARLES EWING BLVD., STE 160
EWING  NJ  08638
**By serving:** CORP. SERVICE CO., AGENT

**Attorney:** PAUL CASTRONOVO, ESQ.

**Papers Served:** SUMMONS AND AMENDED COMPLAINT, CERTIFICATIONS,
INTERROGATORIES, NOTICE TO PRODUCE, NOTICE TO TAKE ORAL
DEPOSITION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**        [X] Served Successfully        [ ] Not Served

Date/Time:    10/5/2017 2:33 PM ___        _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

EILEEN CANNON

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:F ___ AGE:36-50  HEIGHT: 5'4"-5'8"      WEIGHT: 131-160 LBS.      SKIN:WHITE ____      HAIR:BROWN ___ OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant

[ ] No response on:        Date/Time: __ _____
                          Date/Time: __ _____
                          Date/Time: __ _____

Other:

**Served Data:**
Subscribed and Sworn to me this

_0 6_ day of _OCT_ , 20_7_

Notary Signature:_____

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
Name of Notary            Commission Expiration
My Commission Expires Dec. 15, 2020

I, JANE NUNN,
was at the time of service a competent adult, over the age of
18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

M. Jane Nunn        10/06/20_7_
Signature of Process Server        Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952