## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LINDA JANSSEN,

              Plaintiff,

v.

CHECKFREE SERVICES CORP.,
FISERV SOLUTIONS LLC, Laticia
SHAW, Carrie MARTINELLI, &
Jennifer DEWOLF,

              Defendants.

Civil Action No.

2:17-CV-10557-SDW-SCM

**ON PLAINTIFF'S MOTION TO
REMAND**

**[D.E. 64]**

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

       Before the Court is Plaintiff Linda Janssen's ("Ms. Janssen") motion to remand this case to state court.[1] Defendants CheckFree Services Corp. ("CheckFree"), Fiserv Solutions LLC ("Fiserv"), Laticia Shaw ("Ms. Shaw"), Carrie Martinelli ("Ms. Martinelli"), and Jennifer Dewolf ("Ms. Dewolf") oppose the motion (collectively, "the Checkfree Defendants").[2] The Honorable Susan D. Wigenton, U.S.D.J., referred this instant matter to the undersigned for report and recommendation.

       Ms. Janssen argues simply that the parties consented to the filing of her amended pleading, which included the joinder of a diversity destroying defendant, that party filed a responsive pleading, and Section 1447(c) now requires the remand of this case to state court. The

---

[1] (ECF Docket Entry No. ("D.E.") 64, Pl.'s Br.) The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 65, Def.'s Mem. Opp'n).

Checkfree Defendants argue that because diversity existed at the time this suit was filed and when it was removed, the addition of a non-diverse dispensable defendant does not divest this Court of jurisdiction.[3] After considering the parties' submissions and hearing oral argument on April 23, 2020, it is respectfully recommended that Ms. Janssen's motion to remand be granted.

## I.      BACKGROUND AND PROCEDURAL HISTORY[4]

Ms. Janssen brought this action in New Jersey Superior Court against CheckFree and Ms. Shaw for claims under the New Jersey Law Against Discrimination. On November 11, 2017, these original defendants removed this action from New Jersey state court based on diversity jurisdiction.[5]

Her position with CheckFree and Fiserv was terminated on October 14, 2019.[6] Ms. Janssen filed her Second Amended Complaint on November 20, 2019, joining Fiserv, Ms. Dewolf, and Ms. Martinelli as defendants.[7] Ms. Janssen and Ms. Martinelli are both domiciled in New Jersey.[8] Ms. Shaw is a resident of Florida[9] and Ms. Dewolf is a resident of Washington.[10] CheckFree and Fiserv are both wholly-owned subsidiaries of Fiserv Inc.—not a party to this

---

[3] (D.E. 65, Def.'s Mem. Opp'n, at 2).

[4] The Court relies upon the allegations set forth within the pleadings and motion record for the purposes of this motion only.  The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Notice of Removal, at ¶ 17).

[6] (D.E. 64, Pl.'s Br., at 1).

[7] *Id.*

[8] (D.E. 64, Ex. D., 2d Am. Compl., at ¶¶ 1, 5).

[9] (*Id.* at ¶ 4).

[10] (*Id.* at ¶ 6).

suit—with its principal place of business in Georgia.[11] Ms. Janssen was employed by CheckFree and Fiserv in New Jersey.[12] This motion followed.

## II.    <u>LEGAL STANDARD & ANALYSIS</u>

Federal district courts have original diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.[13] Generally, diversity jurisdiction is determined "at the time that federal proceedings commenc[e]."[14] This rule, however, is not iron clad.[15] It still applies in a variety of circumstances not present here,[16] but the addition of a nondiverse party will defeat jurisdiction.[17]

"[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."[18] Post-removal procedure is governed by Section 1447 which provides, in relevant part, as follows:

---

[11] (D.E. 64, Ex. D., 2d Am. Compl., at ¶ 2).

[12] (*Id.*, at ¶ 3).

[13] 28 U.S.C. § 1332(a)

[14] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (*per curiam*); *see also, United States Life Insurance Company in City of New York v. Holtzman*, 723 F. App'x 141, 144 (3d Cir. 2018); *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005).

[15] *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1503-1504 (3d Cir. 1996).

[16] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 286, 290-92 (1938) (plaintiff cannot defeat jurisdiction by pleading lesser amount below jurisdictional threshold); *New Rock*, 101 F.3d at 1507 (a party's change of domicile in diversity case does not divest the court of jurisdiction) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 6 L.Ed. 154 (1824); *Clarke v. Mathewson*, 37 U.S. (12 Pet.) 164, 9 L.Ed. 1041 (1838)).

[17] *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

[18] *Owen Equip. & Erection*, 437 U.S. at 370 (citations omitted).

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

\*\*\*

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.[19]

Amendments to pleadings are typically governed by Federal Rule 15(a), which allows amendments by right, on consent, or on leave of court.[20] Section 1447(e), however, requires that a plaintiff seek leave "to join additional defendants whose joinder would destroy subject matter jurisdiction…."[21] Therefore, after a case has been removed, Rule 15(a) conflicts with Section 1447(e) anytime it permits a plaintiff to join a non-diverse defendant without obtaining leave of court.[22] The cases that have specifically addressed this issue have concerned amendments filed as of right or on request for leave, but the analysis applies equally to an amendment filed on consent.[23] Therefore, I recommend this Court find that leave of court is required for any amendment that would add a non-diverse defendant after a case has been removed.

---

[19] 28 U.S.C. § 1447.

[20] Fed.R.Civ.P. 15(a).

[21] 28 U.S.C. § 1447.

[22] *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir.1999); *Quibodeaux v. Nautilus Ins. Co.*, No. 1:10-CV-739, 2012 WL 12919188, at *4 (E.D. Tex. July 30, 2012), report and recommendation adopted, No. 1:10-CV-739, 2012 WL 12919189 (E.D. Tex. Aug. 21, 2012) (citing *Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *3 (E.D. Mich. May 25, 2012)).

[23] *Mayes*, 198 F.3d at 457 (citing *Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D.La.1997); *Whitworth v. TNT Bestway Transp. Inc.*, 914 F.Supp. 1434, 1435 (E.D.Tex.1996)). *See Quibodeaux*, 2012 WL 12919188, at *4 (citing *Phillip-Stubbs*, 2012 WL 1952444, at *3).

Next, the Court must consider the applicability of Rule 19 after removal. A plain reading of Section 1447(e) affords a district court with only one of two options when faced with the joinder of a non-diverse defendant— deny joinder or permit joinder and remand the action.[24] A district court cannot retain jurisdiction if joinder is permitted.[25] The *Mayes* Court found this determination "is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19…,"[26] which comports with the *Owen* Court's statement that "the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."[27]

"When assessing motions to amend under § 1447(e), courts in this district along with numerous other districts have adopted [the] flexible and equitable approach" announced in *Hensgens* to weigh competing interests.[28] Those interests include 1) the extent to which the purpose of the amendment was to defeat federal jurisdiction; 2) whether the plaintiff was dilatory in seeking the amendment; 3) whether the plaintiff will be prejudiced significantly if the amendment is not allowed; 4) the interests of the diverse defendants to remain in federal court; 5) judicial economy and the avoidance of parallel litigation which may spawn inconsistent results;[29] and 6) "any other factors bearing on the equities."[30]

---

[24] *Mayes*, 198 F.3d at 461–62; *Cobb v. Delta Exports Inc.*, 186 F.3d 675, 677 (5th Cir.1999).

[25] *Id.* at 461–62; *Cobb*, 186 F.3d at 677.

[26] *Id.* at 462.

[27] *Owen Equip. & Erection*, 437 U.S. at 370.

[28] *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (citing *Hensgens*, 833 F.2d at 1182).

[29] *Mayes*, 198 F.3d at 462-64.

[30] *Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *4 (E.D. Mich. May 25, 2012) (citing *Siedlik v. Stanley Works, Inc.*, 205 F.Supp.2d 762, 765 (E.D.Mich.2002). The court also must consider the diverse defendant's interest in selecting a federal forum. See

### III.    DISCUSSION & ANALYSIS

Ms. Janssen's argument was summarized in her Reply Brief as follows:

> Here, the Court permitted Plaintiff to file a Second Amended
> Complaint to add a retaliation claim arising from Defendants'
> termination of her employment and denying her bonus.  In adding
> that retaliation claim, Plaintiff also added a new party, Defendant
> Martinelli, as one person responsible for that retaliation.  That's a
> Rule 19 joinder of an additional party.  Defendants' time to oppose
> the joinder of Ms. Martinelli has passed.  Having permitted that
> joinder, the Court is bound under § 1447(e) to remand this matter to
> the Superior Court.[31]

Her Second Amended Complaint was filed on consent, not on leave of court. Either way, since the amendment included a diversity destroying defendant, Section 1447(e) requires the Court to exercise its discretion in scrutinizing the pleading.[32] Thus, contrary to Ms. Janssen's position, party consent to the pleading does not deprive the Court of jurisdiction or negate the obligations imposed by Section 1447(e).

The Checkfree Defendants argue that this case is controlled by Rule 19 and *Freeport-McMoRan*, which broadly stated that "diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action."[33] As stated above, Rule 19 does not create or dissolve a court's jurisdiction, and the defense's reading of *Freeport-McMoRan* is too broad.

---

*Wells v. Certainteed Corp.*, 950 F.Supp. 200, 201 (E.D.Mich.1997) (Duggan, J.) (citing *Hensgens*, 833 F.2d at 1182).

[31] (D.E. 66, Reply Br., at 2).

[32] *See Hensgens*, 833 F.2d at 1182.

[33] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

*Freeport-McMoRan* reasoned that the time of filing rule prohibited the jurisdiction defeating substitution of a dispensable party.[34] Several circuit courts have since held that *Freeport–McMoRan* applies only to the limited part of diversity in which there was a substitution of parties under Rule 25.[35] *Freeport–McMoRan* does not apply to the addition of parties.[36] *Cobb* further found that the reading of *Freeport-McMoRan* and Rule 19 advocated by the defense here would contravene Section 1447(e) by requiring district courts to retain jurisdiction over cases with non-diverse, dispensable defendants in violation of the statute.[37]

In opposition, the Checkfree Defendants cite several unpublished district court opinions that concern a variety of distinguishable procedural scenarios. Of those cited cases, *In re Paulsboro Derailment Cases* is the most similar to this one. That case concerned an unopposed post-removal amendment that added a diversity destroying plaintiff.[38] The *Paulsboro* case is distinguishable from this one because the court correctly found that Section 1447(e) does not apply to the addition of a plaintiff, only the addition of defendants.

Conversely, *City of Perth Amboy,* a published decision from this district that was not cited by the Checkfree Defendants, held that the *Hensgens* factors listed above apply to any

---

[34] *Id.* at 428.

[35] *See Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 994 (7th Cir. 2000); *Cobb*, 186 F.3d 675; *Ingram v. CSX*, 146 F.3d 858 (11th Cir.1998); *Casas Office Machines, Inc. v. Mita Copystar of Am., Inc.*, 42 F.3d 668 (1st Cir.1994).

[36] *Estate of Alvarez*, 213 F.3d at 995; *Cobb*, 186 F.3d at 680.

[37] *Cobb*, 186 F.3d at 680.

[38] *In re Paulsboro Derailment Cases*, No. 13-784 RBK/KMW, 2014 WL 1214037, at *3 (D.N.J. Mar. 24, 2014).

Section 1447(e) amendment seeking to join a diversity destroying defendant.[39] We apply those factors here.

1) Purpose of Amendment

In scrutinizing the purpose of Ms. Janssen's decision to add a nondiverse defendant, the Court "must focus on the specific facts and circumstances in this case."[40] Ms. Janssen has provided legitimate reasons for adding Ms. Martinelli. Importantly, her specific claims against Ms. Martinelli involve her firing in October 2019—almost two years after the original defendants removed the lawsuit in November 2017. Thus, it was wholly appropriate for Ms. Janssen to desire to supplement the complaint. In fact, just a month after Ms. Janssen was fired, the original defendants consented to the filing of the Second Amended Complaint and the joinder of Ms. Martinelli, despite the fact that they must have known she was a nondiverse defendant. The argument that Ms. Janssen tried to surprise them with a jurisdiction-destroying supplement is belied both by the fact that the consented-to pleading gave a New Jersey address for Ms. Martinelli, and that the Checkfree Defendants could hardly have been surprised by the domicile of one of their own vice presidents. The first factor weighs in favor of Ms. Janssen.

2) Dilatory Conduct

The dilatory conduct factor "takes into consideration both the length of time as well as the nature of the delay."[41] Ms. Janssen began this action as a complaint for discrimination in

---

[39] *City of Perth Amboy*, 539 F. Supp. 2d at 742.

[40] *Id.* at 746.

[41] *Id.* at 748.

2017. Her employment was terminated in October 2019 and she filed her supplemental pleading in November 2019. She was clearly not dilatory in filing the pleading.

The Checkfree Defendants also argue that she was dilatory in filing the motion to remand after filing the amended complaint. However, Ms. Janssen's attorney explained in oral arguments that when the defendants' answers denied the amended complaint's statement of Ms. Martinelli's address, Ms. Janssen waited to see if Ms. Martinelli's domicile was disputed before filing a motion to remand. She filed the motion only after confirming that she shad the wrong address for Ms. Martinelli, not the wrong state. The Court accepts this explanation, noting that even with this confusion the motion to remand was filed within a month of Ms. Martinelli's answer. Because neither the addition of the nondiverse defendant nor the motion to remand were dilatory, the second factor weighs in Ms. Janssen's favor.

3) Prejudice of Plaintiff

The Checkfree Defendants have not moved to dismiss but argue that a dismissal of Ms. Martinelli would not be prejudicial to any party. Ms. Martinelli can only be held liable if she is a named defendant and thus would not be prejudiced against if dismissed, and the other defendants could still pursue her for contribution because Ms. Janssen's cause of action can sustain joint and several liability.[42] Joint and several liability, Defendants further argue, also precludes prejudice against Ms. Janssen herself because she can recover a full and complete judgement from any one of the other named defendants.[43]

---

[42] (D.E. 65, Def.'s Mem. Opp'n, at 5).

[43] (D.E. 65, Def.'s Mem. Opp'n, at 4–6).

Nonetheless, dismissing Ms. Martinelli would result in both economic and legal prejudice to Ms. Janssen. First, Ms. Janssen "will clearly bear an economic burden in maintaining two separate actions."[44] Maintaining two separate actions involving a related set of facts is certain to cost more than one consolidated case. Second, even with joint and several liability, there is a risk to Ms. Janssen of conflicting findings and rulings. Even if the state court would stay a proceeding against Ms. Martinelli until this federal case is resolved, it could still reach a different result than this Court when the proceeding does occur. The near certainty of increased costs to Ms. Janssen of two suits and the risk of inconsistent rulings constitute prejudice that weigh in favor of remand.

4) Prejudice to the Original Defendants

The Checkfree Defendants have not argued that remand would result in any prejudice to the diverse defendants. Although the Court notes that the diverse defendants may have to repeat some work, and would not be in their preferred forum, these unargued hypothetical inconveniences do not weigh nearly as heavily for the Checkfree Defendants as the other factors weigh for Ms. Janssen.

5) Judicial Economy and Other Equitable Factors

On top of the factors favoring Ms. Janssen outweighing the factors favoring the Checkfree Defendants, the interests of both the federal and state courts weigh towards remand. As discussed above, if Ms. Martinelli were dismissed from this litigation, Ms. Janssen could pursue claims against her in state court, which would require two courts to handle related

---

[44] *City of Perth Amboy*, 539 F. Supp. 2d at 749.

litigation and which could lead to an inconsistent result. Allowing two separate actions would be a waste of judicial resources, and the fifth factor therefore weighs in favor of Ms. Janssen.

Taken together, the *Hensgens* factors favor Ms. Martinelli remaining in this case. And because her inclusion destroys diversity, this Court no longer has subject matter jurisdiction over the case, and it must be remanded to state court.

## IV.    <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully recommended that Ms. Janssen's motion to remand be **GRANTED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[45] The District Court need not consider frivolous, conclusive, or general objections.[46]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/15/2020 4:50:06 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

---

[45] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[46] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).